IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OSCAR ARMANDO CALDERON-GAVARRETE, | § § § | |
| *Petitioner*, | § § | |
| | § | No. 1:26-CV-00079 |
| v. | § § | |
| BONDI, *et al*., | § § | |
| *Respondents*. | § § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Oscar Armando Calderon-Gavarrete's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. # 1), and Federal Respondents' Abbreviated Response (Dkt. # 4).

The Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' briefings and the relevant law, the Court **GRANTS** the Petition for Writ of Habeas Corpus (Dkt. # 1) for the reasons that follow.

## FACTUAL BACKGROUND

Petitioner Calderon-Gavarrete is a citizen of El Salvador who is currently detained at the T. Don Hutto Detention Center in Taylor, Texas. (Dkt. # 1 at 2, 5.) In 2008, Petitioner entered the United States without inspection. (Id. at 6.) He has resided continuously in the United States since then and has two U.S.

1

citizen children, ages 9 and 12.  (Id. at 6–7.)  On January 5, 2026, Petitioner was

apprehended by Immigration and Customs Enforcement ("ICE") officers after

being pulled over for an alleged traffic violation.  (Id. at 2, 7.)  Petitioner is being

held without the opportunity for a bond hearing.  (Id. at 8.)

PROCEDURAL HISTORY

On January 13, 2026, Petitioner filed a Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241.  (Dkt. # 1.)  On January 19, 2026, this Court

ordered Respondents Pamela Bondi, Attorney General, United States Department

of Justice; Kristi Noem, Secretary of the United States Department of Homeland

Security; Todd M. Lyons, Director of United States Immigration and Customs

Enforcement; Sylvester Ortega, Field Office Director for Detention and Removal,

United States Immigration and Customs Enforcement; the Warden of the T. Don

Hutto Detention Center; and Daren K. Margolin, Director of the Executive Office

for Immigration Review (collectively, "Respondents") to show cause within three

days as to why the petition should not be granted.  (Dkt. # 3.)

Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Sylvester

Ortega, and Daren K. Margolin (herein, "Federal Respondents")[1] timely filed an

abbreviated response to the Petition for Writ of Habeas Corpus to preserve their

legal arguments and conserve judicial and party resources.  (Dkt. # 4.)  They

---

[1] The Warden of the T. Don Hutto Detention Center has not joined the response.

acknowledge that, because this case concerns a question of law that the Court has addressed in its prior rulings, "the Court can decide this matter without delay."[2] (Id. at 1–2, 3.)

## LEGAL STANDARD

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." Buenrostro-Mendez v. Bondi, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (internal citation and quotations omitted); 28 U.S.C. § 2241. The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

---

[2] Federal Respondents ask that the Court incorporate their prior legal arguments into the record of this habeas action. (Dkt. # 4 at 3.) However, Federal Respondents do not specify which cases or legal arguments they would like the Court to incorporate into the record, nor do they attach any briefing to their Abbreviated Response as required by the Court's show cause order, (Dkt. # 3 at 3–4.)

<u>DISCUSSION</u>

Petitioner challenges his detention without bond under the "mandatory detention" provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(2). (Dkt. # 1 at 22.) He asserts that his detention under this provision is a violation of the INA, the Administrative Procedure Act, and his due process rights. (<u>Id.</u> at 20–27.) In their Abbreviated Response, Federal Respondents claim that they lawfully detain Petitioner under 8 U.S.C. § 1225(b)(2). (Dkt. # 4 at 2–3.) After reviewing the briefing, provided evidence, and relevant law, the Court grants the petition for the same reasons stated in <u>Campuzano v. Noem</u>, No. 1:25-CV-1715-DAE, 2026 WL 90062 (W.D. Tex. Jan. 6, 2026); <u>Fabian-Granados v. Bondi</u>, No. 1:25-CV-2068-DAE, 2026 WL 90061 (W.D. Tex. Jan. 8, 2026); <u>Silva v. Bondi</u>, No. 1:25-CV-2155-DAE, 2026 WL 90060 (W.D. Tex. Jan. 12, 2026). The factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions.

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b)(2); and (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a

4

habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented.  Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** the Petition for

Habeas Corpus.  (Dkt. # 1.)  It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Oscar Armando
   Calderon-Gavarrete from custody, under conditions of release no more
   restrictive than those in place prior to the detention at issue in this case, to a
   public place by **no later than 5:00 p.m. on January 28, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel by email
   (georgia@sanlaurentlaw.com) of the exact location and exact time of
   Petitioner's release as soon as practicable and **no less than two hours
   before his release**.

3. Respondents are enjoined from further detaining Petitioner under the
   asserted detention authority, 8 U.S.C. § 1225.  If Petitioner is re-detained
   pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed,
   including that he be afforded a bond hearing.

4. The parties shall **FILE** individual status reports no later than **6:00 p.m.
   January 29, 2026**, detailing their compliance with this Order.

   **IT IS SO ORDERED**.

   **DATED**: Austin, Texas, January 26, 2026.

   _____
   David Alan Ezra
   Senior United States District Judge